UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

GILBERT DROGHEO,

                                        Plaintiff,

                                                                DECISION AND ORDER

                                                                10-CV-6583L

                        v.

S. FIENO, Facility Parole Officer II,
JEFFREY NESICH, the Director of Parole Administration
in the New York State Division of Parole,
LESTER EDWARDS, the Secretary to the Division of Parole,
ANGELA JIMENEZ, the Director of Parole Operations,
ANDREA EVANS, the Chairwoman of the Division of Parole

                                        Defendants.
_____

        Plaintiff, Gilbert Drogheo, appearing *pro se*, filed this action under 42 U.S.C. § 1983.

Plaintiff, who was previously incarcerated on a criminal conviction, alleges that on June 9, 2010,

he was released on parole, but with certain conditions imposed, based on information in his "rap

sheet" that he contends was, or should have been, expunged prior to that date.  Plaintiff has sued

five defendants:  Jeffrey Nesich, the Director of Parole Administration in the New York State

Division of Parole ("Division of Parole," or "Parole Board"); Lester Edwards, the Secretary to

the Division of Parole; Angela Jimenez, the Director of Parole Operations; Andrea Evans, the

Chairwoman of the Division of Parole; and S. Fieno, a parole officer at Elmira Correctional

Facility.

        Defendants have moved to dismiss the complaint for failure to state a claim upon which

relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Plaintiff

has not responded to defendants' motions.  For the reasons that follow, the motions are granted

and the complaint is dismissed.

**DISCUSSION**

**I. Plaintiff's Failure to Respond to Defendants' Motion**

As stated, plaintiff has not responded to the motions to dismiss. His failure to oppose the motions does not, however, relieve the Court of its obligation to consider the merits of plaintiff's claims. "If a complaint is sufficient to state a claim on which relief can be granted, the plaintiff's failure to respond to a Rule 12(b)(6) motion does not warrant dismissal." *McCall v. Pataki*, 232 F.3d 321, 322 (2d Cir. 2000). Plaintiff's failure to respond to the motions notwithstanding, then, the Court must determine whether, "accept[ing] the allegations contained in the complaint as true, and draw[ing] all reasonable inferences in favor of the non-movant," plaintiff has stated a facially valid claim. *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994); *see, e.g.*, *Saxon v. Attica Med. Dep't*, 468 F.Supp.2d 480, 482 (W.D.N.Y. 2007).

In doing so, the Court applies the now-familiar *Twombly* standard, under which "a plaintiff's obligation ... requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *accord Ashcroft v. Iqbal*, ___U.S. ___, 129 S.Ct. 1937, 1949 (2009).

**II. Plaintiff's Claims**

The gist of plaintiff's claims is that he was released on parole, on condition that he have no contact with his wife, based on a charge of domestic violence that had previously been dismissed and sealed by the prosecuting district attorney. Plaintiff contends that the charge had no factual foundation and that it should not have been considered in his parole determination. He has allegedly sought, through the state judicial and administrative systems, to have all references to that charge deleted and expunged from his record, but "to no avail," as the relevant state officials "never made any effort to respond" to his requests. Complaint at 5, 6.

- 2 -

Plaintiff states that the constitutional bases for his § 1983 claim are "Malicious Separation from spouse with false information, marital rights violation [and] Equal Protection of the Law."  Complaint at 6.  For relief, plaintiff seeks "[c]ompensatory damages in the amount of $600,000. and punitive damages to all of the defendants of three months suspended without pay."  Complaint at 7.[1]

The only constitutional basis that plaintiff expressly asserts for this claim, then, is a denial of his right to equal protection.  *See* Complaint at 5, 6.  Even allowing for some liberality in construing a *pro se* pleading, there is no constitutional prohibition against "malicious separation" from one's spouse, nor are there any freestanding constitutional "marital rights," independent of the constitution's guarantees of due process, equal protection, and other rights.

The facts alleged here do not support an equal protection claim, however.  To state such a claim, a plaintiff must allege that he was intentionally treated differently from other similarly-situated individuals, either because of his membership in a protected class, or without any rational basis.  *Clubside, Inc. v. Valentin*, 468 F.3d 144, 159 (2d Cir. 2006).  Plaintiff has not identified any similarly situated individuals who were treated differently, however.  *See King v. New York State Div. of Parole*, 260 Fed.Appx. 375, 379-80 (2d Cir.) (petitioner who challenged state parole board's decision to revoke his discharge from parole had "failed to identify a single individual with whom he can be compared for Equal Protection purposes.  As a result, this claim is wholly deficient, and the District Court did not err in denying King's petition on this ground"), *cert. denied*, __ U.S. __, 129 S.Ct. 294 (2008).

Since plaintiff is proceeding *pro se*, the Court has also examined plaintiff's complaint to see if his factual allegations might support a constitutional claim under some other theory.  They do not.

---

[1] Oddly, plaintiff apparently does not seek any injunctive relief, such as the removal of the condition objected to.

In particular, plaintiff's allegations do not state a basis for a due process claim.  "The Due Process Clause applies to parole proceedings only when the state parole statute creates a legitimate expectation of release," or to release under some particular conditions.  *Pettigrew v. Zavares*, No. 11-cv-00367, 2011 WL 1336398, at *3 (D.Colo. Apr. 6, 2011) (citing *Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979) (to possess an interest protectable under the Due Process Clause, a person must "have a legitimate claim of entitlement to it")).  The statutory scheme in New York creates no such expectation.  *See Duemmel v. Fischer*, 368 Fed.Appx. 180, 182 (2d Cir. 2010) ("our case law holds that New York's parole scheme 'is not one that creates in any prisoner a legitimate expectancy of release,' and thus 'plaintiffs have no liberty interest in parole, and the protections of the Due Process Clause are inapplicable'") (quoting *Barna v. Travis*, 239 F.3d 169, 171 (2d Cir. 2001)).

The Court of Appeals in *Duemmel* also stated that "nothing in the due process concepts as they have thus far evolved ... requires the Parole Board to specify the particular 'evidence' ... on which it rests the discretionary determination that an inmate is not ready for conditional release." *Id.* (quoting *Greenholtz*, 442 U.S. at 159).  *See also Wood v. Utah Bd. of Pardons & Parole*, 375 Fed.Appx. 871, 874 n.4 (10th Cir. 2010) (indicating that there is no due process right not to have parole decisions made on the basis of false information, absent an admission by the state that false information was used to deny parole); *Jones v. Ray*, 279 F.3d 944, 946 (11th Cir. 2001) (prisoner does not state a due process claim simply by making a conclusory allegation regarding the use of false information by a parole board).[2]

---

[2]I also note that New York regulations permit the Division of Parole, in making a parole release decision, to consider "any available information which would indicate an inability to live and remain at liberty without violating the law, and that the release is incompatible with the welfare of society."  9 N.Y.C.R.R. § 8002.3(c)(5).  The documents attached to the complaint indicate that the Division of Parole's decision not to give plaintiff's wife's address as an option for his residence upon release was based on "information separate from [his] RAP Sheet [that] indicated a history of domestic violence between [him] and [his wife]."  Dkt. #1 at 12.  Thus, even had the domestic-violence charge been expunged from plaintiff's rap sheet, it does not appear from the complaint that the Parole Board's decision would have been any different.

**CONCLUSION**

The motions to dismiss the complaint filed by defendants Lester G. Edwards, Andrea D. Evans, Angela Jimenez, and Jeffrey W. Nesich (Dkt. #5) and by defendant S. Fieno (Dkt. #11) are granted, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
May 19, 2011.

- 5 -